IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| L.G. MOTORSPORTS, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 4:11CV112 |
| | § | |
| NGMCO, INC., | § | |
| CORVETTE RACING, INC., | § | |
| MICHELIN NORTH AMERICA, INC., | § | |
| and DOUG FEHAN | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is Defendant Doug Fehan's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Without Waiving and Subject Thereto, Motion to Dismiss for Failure to State a Claim (Dkt. 7). As set forth fully below, the Court finds that the motion should be GRANTED in part and that the claims against Defendant Fehan should be dismissed for lack of jurisdiction.

This anti-trust suit involves racecars and the homologation of them – a process through which a racing version of a modified road car is approved by a sanctioning body to compete in various races. On February 10, 2011, Plaintiff LG Motorsports brought suit against General Motors f/k/a NGMCO (New GM),[1] Corvette Racing, Michelin North America, Inc. (Michelin), and Doug Fehan

---

[1]Plaintiff's complaint also refers to "Old GM" in order to distinguish the pre-bankruptcy filing General Motors Corporation.

1

(Fehan) for conspiracy to monopolize, attempted monopolization, and monopolization in violation of the Sherman Act and the Texas Free Enterprise and Antitrust Act of 1983; unfair competition; tortious interference with existing and prospective business relations; business disparagement; and civil conspiracy. On March 10, 2011, Defendant New GM removed the case to this Court.

Plaintiff LG Motorsports is a Texas corporation, whose principal place of business is in Wylie, Collin County, Texas. According to the pleadings here, Plaintiff races the number 28 Corvette C6 in the GT2 Class of the American Le Mans Series. Defendant Fehan is a Michigan resident who, according to Plaintiff, is the program manager of Corvette Racing for New GM, which has raced throughout Texas. Defendant Fehan has filed a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim.

**FACTUAL BACKGROUND**

Plaintiff alleges that, in March 2008, it bought a GT2 Corvette built by the company Riley (which at the time created homologated race cars) based on GM's affirmation that it would complete the approval process necessary for LG Motorsports to race the car in FIA events and that it would not race a vehicle of its own in the GT2 class. In the fall of 2008, however, Plaintiff claims, GM decided to race a Corvette in the GT2 class in FIA events. At this time, Plaintiff claims, GM refused to sign off on the FIA approval for the GT2 Corvette and replaced Riley with a different constructor, preventing LG Motorsports from racing its GT2 Corvette in FIA events and from selling it for use in FIA events.

In this suit, Plaintiff alleges that Defendant Fehan conceived of a plan whereby he, New GM and Corvette Racing entered into an express agreement with Michelin to prevent LG Motorsports

2

from obtaining Michelin racing tires. Plaintiff claims that this anti-competitive behavior has caused it to lose advertisement and sponsorship revenues, substantial investments made in hiring professional drivers, sales and business revenues from its retail business, the use of the Riley Corvette in FIA sanctioned events, and the value of the car itself.

LG Motorsports claims this Court has specific personal jurisdiction over Fehan because he "entered into and/or performed under a contract that was to be performed in substantial whole or part in Texas." Dkt. 1-1 ¶ 11. More precisely, Plaintiff alleges that Fehan "entered into and/or performed the agreement in restraint of trade with Michelin, Corvette Racing, and New GM that was intended to preclude LG Motorsports from obtaining racing tires in Texas and from effectively racing at American Le Mans events within the State of Texas." Dkt. 1-1 ¶ 11. Plaintiff further maintains that Fehan was the "individual architect of the conspiracy," mastering and executing the anti-competitive plan, and that "Fehan's conduct was intended to and did cause substantial injury to LG Motorsports in Texas." Dkt. 1-1 ¶¶ 11, 28 & 49. According to LG Motorsports, Fehan was aware that LG Motorsports is based in Texas. Dkt. 22-1 ¶ 5.

In conjunction with his motion to dismiss, Defendant Fehan has submitted a declaration asserting that Corvette Racing is simply a marketing activity of New GM and that he is not a member of it. Furthermore, Fehan asserts that he has no authority to sign or negotiate contracts on behalf of New GM and has never signed or negotiated any such contracts with Michelin or any other third party, including for Corvette Racing's marketing activities. Fehan also states that he has no personal contacts with Texas and has only made four visits to Texas, all of which were completely unrelated to LG Motorsports's allegations. *See* Dkt. 7-1. For these reasons, Fehan asserts, LG Motorsports's

claims against him must be dismissed for lack of personal jurisdiction.

**STANDARD**

To determine personal jurisdiction over a nonresident defendant, this Court must consider "both the forum state's long-arm statute and federal due process." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993)). Since Texas's long-arm statute "reaches to the constitutional limits," this Court must determine only "whether exercising personal jurisdiction over the defendant offends due process." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 413-14 (1984)). Specifically, due process allows this Court to exercise personal jurisdiction over a nonresident defendant only if (1) the nonresident defendant has established minimum contacts and (2) "the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002)).

**Minimum Contacts**

Minimum contacts may be established through either general or specific jurisdiction. *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). General jurisdiction requires the defendant to have substantial, continuous, and systematic contacts with the form state, regardless of whether those contacts are related to the cause of action. *Johnston*, 9 F.3d at 609. Specific jurisdiction exists when "(1) the nonresident defendant purposefully avails itself of the privileges of conducting activities in the forum state; and (2) the controversy arises out of or is related to the defendant's contacts with the forum state." *Choice Healthcare, Inc. v. Kaiser Found Health Plan*

*of Colo.*, 615 F.3d 364, 369 (5th Cir. 2010). In other words, a court may exercise specific jurisdiction if the nonresident defendant has purposefully directed his activities at the plaintiff and the plaintiff's alleged injuries have arisen from those activities. *Id.* at 368.

Importantly, while the plaintiff bears the burden of establishing personal jurisdiction, it need only make a *prima facie* showing of the defendant's minimum contacts. *Clemens*, 615 F.3d at 378. This Court "must accept the plaintiff's uncontroverted allegations as true, and resolve in his favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.* (citing *Revell*, 317 F.3d at 469).

**Fair Play and Substantial Justice**

Once the plaintiff has made its *prima facie* showing of minimum contacts, the burden shifts to the defendant to "make a 'compelling case' that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction." *Johnston*, 523 F.3d at 615 (citing *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999). To this end, courts consider: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (quoting *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

In this case, Plaintiff has only alleged specific jurisdiction over Defendant Fehan. Therefore, the Court will examine Fehan's minimum contacts with Texas under a specific jurisdiction analysis.

## ANALYSIS

Plaintiff argues that minimum contacts are established for Fehan because he orchestrated an anti-competitive conspiracy targeted to harm it, a Texas resident.

Under the so-called effects test, used by the United States Supreme Court in *Calder v. Jones*, a defendant may be subject to specific jurisdiction when he intentionally directs his wrongful conduct at a resident of the forum state and knows that the brunt of the harm will be suffered in that state. *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). However, the effects test "'is not a substitute for a nonresident's minimum contacts that demonstrate purposeful availment of the benefits of the forum state.'" *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam) (quoting *Allred v. Moore & Peterson,* 117 F.3d 278, 286 (5th Cir.1997)). Indeed, "'[t]he key to *Calder* is that the effects of an alleged intentional tort are to be assessed as *part* of the analysis of the defendant's relevant contacts with the forum.'" *Id.* at 869 (quoting *Allred,* 117 F.3d at 286). Importantly, "[t]he 'effects' test in *Calder* does not supplant the need to demonstrate minimum contacts that constitute purposeful availment, that is, conduct by the non-resident defendant that invoked the benefits and protections of the state or was otherwise purposefully directed toward a state resident." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 400 (5th Cir. 2009).

Thus, in addition to alleging that Fehan knew the effects of his conduct would be felt by LG Motorsports, Plaintiff must also allege facts that would establish that Fehan's conduct "invoked the benefits and protections of the state or was otherwise purposefully directed toward a state resident." *Mullins*, 564 F.3d at 400.

Here, Plaintiff claims that Fehan is "the program manager for Corvette Racing and oversees the racing operations of New GM" and was "responsible for this plan" and "personally executed and implemented the anti-competitive practices" at issue. Dkt. 1-1 at ¶28. Plaintiff alleges that Fehan was the "individual architect of the conspiracy" in restraint of trade that was intended to cause injury to the plaintiff in Texas. Dkt. 1-1 ¶ 11, 49. Plaintiff further claims that this agreement "was to be performed in substantial whole or part in Texas." Dkt. 1-1 ¶ 11. Other than the fact that New GM and Corvette Racing have raced throughout Texas (Dkt. 1-1 ¶ 9) and that Fehan has personally been to Texas on four occasions unrelated to Plaintiff's claims (Dkt. 7), the above allegations are the only connections, alleged by the documents, between Fehan and Texas. Moreover, while Fehan was purportedly aware that LG Motorsports is based in Texas (Dkt. 22-1 ¶ 5), the Court finds that these allegations are insufficient to show that Fehan's alleged conspiracy purposefully targeted this specific plaintiff in Texas. Plaintiff has submitted an affidavit to indicate that its president, Lou Gigliotti met Fehan, gave Fehan a business card with Plaintiff's Texas address, and discussed L.G. Motorsports and that it was based in Texas. Dkt. 22-1. Even assuming these allegations are true, the facts alleged are simply insufficient to show purposeful availment of the forum state by Fehan.

Plaintiff argues that Fehan's alleged involvement in the conspiracy in restraint of trade with the other defendants establishes specific jurisdiction over him. Jurisdiction over a defendant may not be predicated solely on jurisdiction over the defendant's alleged conspirators. *Thomas v. Kadish*, 748 F.2d 276, 282 (5th Cir. 1984); *Delta Brands, Inc. v. Danieli Corp.*, 2003 WL 22255699 *7 (N.D. Tex. Sept. 29, 2003); *Hawkins v. Upjohn Co.*, 890 F. Supp. 601, 608-09 (E.D. Tex. 1994). There must be evidence "that the alleged conspiracy was expressly aimed at Texas...[and] that the alleged

7

tortfeasors had knowledge that a particular Texas resident would suffer the brunt of the harm." *Hawkins*, 890 F. Supp. at 608.

Having reviewed the record before it, the Court finds that Plaintiff's allegations are conclusory and do not sufficiently establish a connection between Fehan's purported conduct and the state of Texas, other than the fact that Fehan knew Plaintiff did business here. *See Panda Brandywine Corp.*, 253 F.3d 865, 867-70 (5th Cir. 2001) (finding that the plaintiffs had not shown that the defendant had purposefully availed himself of the privilege of conducting activities in Texas and that there was no connection between the contract with which the defendant allegedly interfered and the state of Texas, other than the fact that the plaintiffs lived there); *Nat'l Athletic Trainers' Ass'n, Inc. v. Am. Physical Therapy Ass'n*, CIV A 3:08-CV-0158-G, 2008 WL 4146022 *1, 9-10 (N.D. Tex. Sept. 9, 2008) (finding that no personal jurisdiction existed over the defendant in anti-trust suit, despite the fact that the defendant had sent a letter that it knew could affect the plaintiff in Texas, because (1) the primary purpose of the letter was not to injure the plaintiff; (2) any anti-competitive agreements would have been entered into outside of Texas; and (3) any wrongful conduct by the alleged conspirator that was aimed at Texas could not be attributed to that defendant.). Moreover, Plaintiff fails to show any connection between the alleged anti-competitive agreements and Texas or that any wrongful conduct aimed at Texas by the alleged conspirators is attributable to Fehan. *See Nat'l Athletic Trainers' Ass'n, Inc*, 2008 WL 4146022 *9-10. As such, LG Motorsports has failed to make a *prima facie* showing that Fehan established minimum contacts with Texas.

Therefore, Defendant Doug Fehan's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Without Waiving and Subject Thereto, Motion to Dismiss for Failure to State a Claim (Dkt. 7) should be GRANTED in part and that the claims against Defendant Fehan should be dismissed for lack of jurisdiction.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 6th day of March, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE